THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| RICCARDO GREEN, | ) | No. 81225-4-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| WASHINGTON STATE EMPLOYMENT | ) | |
| SECURITY DEPARTMENT, | ) | |
| | ) | |
| Respondent. | ) | |

ANDRUS, A.C.J. — Riccardo Green currently has two appeals before this court, both related to the Department of Employment Security's denial of Green's application for unemployment benefits. This case involves the question of whether Green's application was appropriately denied. Because there was substantial evidence supporting the conclusion that Green was terminated for disqualifying misconduct, we affirm.

## FACTS

Riccardo Green worked for Swedish Health Services (Swedish) as a linen attendant from June 2008 until his termination on August 31, 2018. His termination letter stated he was terminated for misconduct in the workplace. Green applied for unemployment benefits from the Washington Department of Employment

Security (the Department), which initially approved Green's application. Swedish appealed the Department's decision to the Office of Administrative Hearings (OAH), arguing that Green was fired for insubordination and was thus ineligible for benefits.

An OAH hearing was set for April 2, 2019. Although he submitted a number of case-related documents to OAH, Green did not appear for the hearing and therefore did not testify to their significance or authenticity. At the hearing, two Swedish employees, including Green's former manager, Wade Schafer, testified that Green was terminated because of repeated aggressive behavior, insubordination, and violation of Swedish workplace policies. During his testimony, Schafer recounted several instances of Green's offensive behavior and refusal to follow Swedish and departmental policies. Swedish also submitted emails documenting Green's unprofessional behavior and complaints from his coworkers.

Following the OAH hearing, the administrative law judge (ALJ) determined that Green was terminated for misconduct and was disqualified from receiving unemployment benefits. Green appealed to the Department's Commissioner's Review Office (the Commissioner), disputing the ALJ's findings of fact and conclusions of law. The Commissioner adopted the ALJ's findings of fact and conclusions of law, affirmed the OAH decision, and ruled that Green must repay all benefits received.

Green appealed the Commissioner's decision to King County Superior Court, also submitting various evidentiary motions, a motion to empanel a jury, and a motion for sanctions. The court denied these motions as lacking any support in

law or fact and affirmed the Commissioner's decision. Green appeals the denial of these motions and the ruling that he is ineligible for unemployment benefits.

ANALYSIS

Review of a decision by the Commissioner of the Employment Security Department is governed by the Washington Administrative Procedure Act (APA). Tapper v. State Emp't Sec. Dep't, 122 Wn.2d 397, 402, 858 P.2d 494 (1993). The APA allows this court to reverse "an administrative decision when, inter alia: (1) the administrative decision is based on an error of law; (2) the decision is not based on substantial evidence; or (3) the decision is arbitrary or capricious." Id. (citing RCW 34.05.570(3)). The burden of demonstrating the invalidity of the agency decision is on the party asserting invalidity. RCW 34.05.570(1)(a). We apply the same standard to the Commissioner's record as the superior court and make our own independent determination. Shaw v. Emp't Sec. Dep't, 46 Wn. App. 610, 613, 731 P.2d 1121 (1987).

Whether an employee's behavior constitutes disqualifying misconduct is a mixed question of fact and law. Tapper, 122 Wn.2d at 402. First, we must decide if substantial evidence supports the Commissioner's findings of fact. Then we decide if its conclusions of law flow from those findings. Id. at 402-03.

We review the Commissioner's findings of fact for substantial evidence. Id. at 406. In this case, the Commissioner adopted the ALJ's findings. Because Green did not assign error to the factual findings, or explain why they are not supported by evidence, the findings are verities on appeal. Id. at 407. The ALJ found that, between August 2016 and August 2018, Green violated a number of

Swedish policies by using profanity in the workplace, threatening violence to other coworkers, working off the clock without approval, making derogatory comments to his coworkers and managers, refusing to follow his manager's reasonable instructions, and engaging in other unprofessional behaviors. The ALJ further found that Green was warned multiple times before he was terminated that his behavior was unacceptable and would lead to disciplinary consequences.

Instead of challenging these findings, Green argues that the ALJ erred by not properly considering the evidence he submitted before the OAH hearing. Green offered letters and emails, primarily documenting his complaints about Swedish managers. The ALJ admitted Green's evidence and stated he would determine their relevance if Green appeared to testify. When Green did not appear at the OAH hearing, the ALJ concluded that his exhibits were hearsay and based its findings primarily on the testimony of Swedish's witnesses.

Green offers no basis or authority for finding error in the ALJ's treatment of his exhibits. RCW 34.05.452 provides the ALJ with the discretion to admit hearsay evidence, but nothing requires an ALJ to give such evidence any weight. Moreover, even if we take the assertions made in Green's exhibits as true, they do nothing to undermine the factual findings of the ALJ regarding Green's misconduct. We therefore conclude that the Commissioner's findings of fact are supported by substantial evidence.

We also conclude that the Commissioner's legal conclusion – that Green committed misconduct rendering him ineligible for unemployment benefits – flows from these factual findings.

This court reviews the Commissioner's legal conclusions for errors of law. Verizon Nw., Inc. v. Emp't Sec. Dep't, 164 Wn.2d 909, 915, 194 P.3d 255 (2008). The court may substitute its view of the law for the Commissioner's, but it gives substantial weight to the Commissioner's interpretation because of the agency's special expertise. Id. The appealing party bears the burden of proving the Commissioner's decision was in error. RCW 50.32.150.

The Employment Security Act disqualifies individuals from receiving unemployment benefits when they are discharged for misconduct. RCW 50.20.066(1).

> "Misconduct" includes, but is not limited to, the following conduct by a claimant:
>
> (a) Willful or wanton disregard of the rights, title, and interests of the employer or a fellow employee;
> (b) Deliberate violations or disregard of standards of behavior which the employer has the right to expect of an employee.

RCW 50.04.294(1). Per se misconduct under the Act includes "[i]nsubordination showing a deliberate, willful, or purposeful refusal to follow the reasonable directions or instructions of the employer." RCW 50.04.294(2)(a). The Commissioner's findings clearly indicate that Green engaged in statutory misconduct multiple times in the months leading up to his termination. These instances include Green's refusal to follow his department's reasonable "ten-minute rule," yelling profanities and threatening violence against coworkers, calling coworkers offensive names, and working beyond scheduled hours. Green has made no attempt to challenge the veracity of these findings and has therefore failed to show that the Commissioner's decision was made in error.

Green also assigns error to the superior court's denial of his motions to empanel a jury, motion in limine, and motion for sanctions. But because these arguments were not adequately briefed, we decline to address them here.

We will not consider an inadequately briefed argument. See Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (argument unsupported by citation to the record or authority will not be considered); see also Smith v. King, 106 Wn.2d 443, 451-52, 722 P.2d 796 (1986) (party waives assignment of error where the issue is not argued in the party's brief).

Green's briefs present no argument and cite no authority on why his motion to empanel a jury and his motion in limine were improperly denied. Although his opening brief contains vague assertions that counsel for respondents violated the rules of professional conduct, this argument is not supported by any citations to the record, or by any specific factual allegations. We therefore decline to address these assignments of error.

Affirmed.

Andrus, A.C.J.

WE CONCUR:

- 6 -